[Cite as *State ex rel. Jendral v. Cook*, 2026-Ohio-3094.]

STATE OF OHIO       )
                         )ss:
COUNTY OF SUMMIT   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. KYLE
JENDRAL

     Relator

     v.

JUDGE KATARINA COOK

     Respondent

C.A. No. 31929

ORIGINAL ACTION IN
PROCEDENDO

Dated: August 12, 2026

_____

PER CURIAM.

{¶1}    Kyle Jendral filed a petition seeking a writ of procedendo to order Judge Cook to rule on a February 3, 2026, motion that he filed in Summit County Court of Common Pleas, Domestic Relations Division, Case No. DR-2022-04-1050. Mr. Jendral maintained that Judge Cook had stayed the domestic relations case because an appeal was filed but that the pending motion was not inconsistent with this Court's jurisdiction in that appeal. On May 14, 2026, Judge Cook moved to dismiss this case, and Mr. Jendral filed a response. On May 22, 2026, Judge Cook denied Mr. Jendral's February 3, 2026, motion. This Court ordered the parties to address whether Mr. Jendral's petition is now moot. The parties responded, and for the reasons set forth below, this Court dismisses the petition.

{¶2}    To obtain a writ of procedendo, Mr. Jendral must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there

is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a judge has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. M.D. v. Kelsey*, 2022-Ohio-2556, ¶ 10. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{**¶3**} This Court may consider evidence outside the petition to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to a review of the trial court docket, Judge Cook denied Mr. Jendral's February 3, 2026, motion on May 22, 2026. With respect to the February 3, 2026, motion, the petition is therefore moot. Mr. Jendral maintains, however, that the petition is not moot in its entirety because "timely adjudication of the pending emergency parenting-time proceedings initiated in August 2025" has not occurred. As with Mr. Jendral's February 3, 2026, motion, however, the docket demonstrates that Judge Cook has ruled on each of Mr. Jendral's numerous motions challenging the magistrate's interim orders. Consequently, Mr. Jendral's petition is also moot with respect to his remaining allegations

{**¶4**} Mr. Jendral's petition is moot, and the petition is therefore dismissed. Costs taxed to Mr. Jendral. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

KYLE JENDRAL, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.